# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>SARAH MUNSON,<br><br>        Debtor.<br><br>KIMBERLY K. HAYES,<br><br>        Plaintiff,<br><br>v.<br><br>SARAH MUNSON,<br><br>        Defendant. | Case No. 05-19342-R<br>Chapter 7<br><br><br><br><br><br>Adv. No. 06-01031-R |

Filed/Docketed
August 3, 2006

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING MOTION TO AVOID LIEN, AND ORDER DISMISSING ADVERSARY PROCEEDING

Before the Court is the Defendant Debtor's Motion to Dismiss Case and Avoid Lein [sic] filed by Defendant Debtor Sarah Munson (the "Debtor") on July 1, 2006 (the "Motion") (Doc. 13). In the Motion, the Debtor seeks an order dismissing the Complaint to Determine Dischargeability of Debt under Section 523(a)(5) of the Bankruptcy Code filed by Plaintiff Kimberly D. Hays ("Hayes") on January 8, 2006 (the "Complaint") (Doc. 1), and seeks to avoid an alleged attorney's lien on the Debtor's property. On July 17, 2006, Hayes filed the Plaintiff's Response to Defendant's Motion to Dismiss and Avoid Lien (the "Response")(Doc. 14).

**Contentions**

In her Complaint, Hayes alleges that the legal fees the Debtor owes Hayes in the amount of $20,602.52 for her representation of the Debtor in connection with divorce, child support and child custody litigation are nondischargeable under Section 523(a)(5) of the Bankruptcy Code.  See Complaint at 2.  In the Motion, the Debtor asserts that her obligation to pay her *own* attorney's fees cannot be considered a debt "to a spouse, former spouse, or child of the debtor" for alimony, maintenance or support within the scope of Section 523(a)(5), and that such debt is dischargeable.  See Motion at 1.  The Debtor asserts that the Complaint fails to state a claim upon which relief can be granted and requests that the Court dismiss the Complaint and avoid the attorney's lien that Hayes filed against the Debtor's property.

**Standard for evaluating a motion to dismiss under Rule 12(b)(6)**

In evaluating a motion to dismiss for failure to state a cognizable claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7012(c), "it must appear beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief."  Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984)(citations omitted).  The Court must "assume as true the facts asserted in the complaint and construe the well-pleaded allegations in favor of the plaintiff."  Ballen v. Prudential Bache Securities, Inc., 23 F.3d 335, 336 (10th Cir. 1994)(citation omitted).  "All reasonable inferences must be indulged in favor of the plaintiff . . . and the pleadings must be liberally construed."  Swanson, 750 F.2d at 813 (citations omitted).  The Tenth Circuit

recognizes that "[t]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim, and that granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir. 1989)(citations and internal quotation marks omitted); see also Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001).

Federal Rule of Civil Procedure 12(b) provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]"  Fed. R. Civ. P. 12(b).  Under Rule 12(b)(6), the Court has discretion to accept or exclude any materials beyond the pleadings.  See Connolly v. City of Houston (In re Western Integrated Networks, LLC), 322 B.R. 156, 160 (Bankr. D. Colo. 2005)(citation omitted).  In the Motion, the Debtor referenced the "Decree of Dissolution" and attached a copy of the document to the Motion as "Exhibit A."  The merits of the Motion can be decided from the face of the pleadings. Therefore, the Court specifically excludes Exhibit A from its consideration and treats the Motion pursuant to Rule 12 rather than Rule 56.

**Material Facts**

Hayes represented the Debtor in a divorce proceeding in the Tulsa County District Court, Case No. FD-2003-2029 (the "Divorce Action"), which representation included issues with respect to the division of marital property, alimony, child custody and support. Complaint at 1; Response at 1.  On April 8, 2005, a Decree of Dissolution was filed in the

Divorce Action.  Response at 1.  On July 20, 2005, Hayes filed an Attorney's Lien against the Debtor's homestead in the amount of $17,433.82 for legal fees incurred in connection with her representation of the Debtor in the Divorce Action (the "Attorney's Lien").[1] Complaint at 2.  In the Complaint, Hayes asserts that her legal fees for her representation of the Debtor in the Divorce Action total $20,602.52 (sometimes hereinafter referred to as the "debt").

On October 13, 2005, the Debtor filed a voluntary Chapter 7 bankruptcy petition in the above-referenced bankruptcy case.  The Debtor listed Hayes as a secured creditor in the amount of $17,416.82 in Schedule D of her bankruptcy documents.  In her Complaint, Hayes seeks a determination that the debt is not dischargeable under Section 523(a)(5) of the Bankruptcy Code.

**Conclusions of Law**

A bankruptcy debtor may discharge all debts that arise before the date of the bankruptcy court's order of relief, except for certain categories of debts enumerated in Section 523(a)(5) of the Bankruptcy Code.  11 U.S.C. §727(b).  "A discharge . . . does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a . . . divorce decree . . . " so long as such liability is actually in the nature of alimony,

---

[1] In the Complaint, Hayes asserts that the Attorney's Lien attached to the Debtor's property located at 405 S. Olympia Ave., Tulsa, Oklahoma 74127.  The Debtor listed this address as her exempt homestead in Schedule C of her bankruptcy petition.

4

maintenance, or support. 11 U.S.C. §523(a)(5). This exception to discharge "departs from the general policy of absolution, or 'fresh start' in order to enforce an overriding public policy favoring the enforcement of familial obligations." Sampson v. Sampson (In re Sampson), 997 F.2d 717, 721 (10th Cir. 1993)(citations and internal quotations omitted); see also Jones v. Jones (In re Jones), 9 F.3d 878, 880 (10th Cir. 1993)("Congressional policy concerning §523(a)(5) has always been to ensure that genuine support obligations would not be discharged.")(citations and internal quotations omitted). "In order for a debt to be found nondischargeable under Section 523(a)(5), a court must find that (1) the debt is in the nature of alimony, maintenance or support; (2) the debt is owed to a former spouse or child; and (3) the debt was incurred in connection with a separation agreement, divorce decree or other order of a court of record." Loper v. Loper (In re Loper), 329 B.R. 704, 707 (B.A.P. 10th Cir. 2005).² The term "support," as used in Section 523(a)(5) is broadly construed. See Jones, 9 F.3d at 881-82. Generally, an attorney fee award granted to a debtor's spouse, former spouse or child, which is determined to be in the nature of alimony, support, or maintenance of the spouse or child, is not dischargeable under Section 523(a)(5). See Jones, 9 F.3d at 882 (holding that attorney's fees owed to a debtor's ex-spouse for post-divorce custody actions are deemed in the nature of support under Section 523(a)(5)); see also Miller v. Gentry (In re Miller), 55 F.3d 1487 (10th Cir. 1995)(holding that court-ordered fees to a guardian ad

---

² "Federal law, rather than state law, determines whether an obligation falls within in the ambit of Section 523(a)(5)." Albright v. Turner (In re Turner), 266 B.R. 491, 496-97 (B.A.P. 10th Cir. 2001)(citation omitted).

litem and psychologist were in the nature of support of the debtor's minor child and were nondischargeable even though payable directly to such third parties).

In the Complaint and Response, Hayes asserts that the legal fees owed to her by the Debtor are nondischargeable under the same reasoning set forth in Jones. See Complaint at 2-3; Response at 2. In Jones, the Tenth Circuit considered whether a debtor's court-ordered obligation to pay attorney fees incurred by her spouse in connection with a custody dispute were nondischargeable under Section 523(a)(5). The factual scenario in Jones involved a non-custodial mother who was ordered by the state court to pay the father's attorney fees incurred in custody proceedings. The mother then filed bankruptcy and sought to discharge the debt. The court held that the mother's debt for the father's attorney fees was nondischargeable. Jones is factually distinguishable. In Jones, the debtor attempted to discharge debt that she incurred after a family court ordered her to pay the legal fees incurred by her spouse in a custody dispute. Here, the Debtor was not ordered to pay the attorney's fees incurred by her spouse, former spouse or child. Rather, the Debtor is seeking to discharge a debt for her *own* attorney's fees.

Obligations owed by a debtor to her own counsel for representation in a divorce or child custody action are not in the nature of alimony, maintenance or support as described in Section 523(a)(5). See Frey, Lach & Michaels, P.C. v. Lindberg (In re Lindberg), 92 B.R. 481 (Bankr. D. Colo. 1988). In Lindberg, the court opined:

> [i]t is the Court ordered *debtor's obligation* to pay child support or maintenance to a spouse or child which is nondischargeable, under Section 523(a)(5), as well as the attorney's fees which are necessarily incurred in

>   obtaining or enforcing such an obligation. In the present case, there is no spouse claiming that a support obligation and attorney's fees are nondischargeable. It is the Debtor's attorneys, only, who seek exception to discharge of debt – pursuant to their novel and ill conceived theory.

Lindberg, 92 B.R. at 483.

Consistent with the court's findings in Lindberg, this Court finds that the Debtor's debt to Hayes is dischargeable under the Bankruptcy Code. For the foregoing reasons, the Debtor has sustained her burden of proof to establish that Hayes can prove no set of facts that would entitle her to relief under Section 523(a)(5) of the Bankruptcy Code. Accordingly, the Debtor's motion to dismiss is granted.

With respect to the Debtor's motion to avoid lien, the Debtor failed to set forth the grounds upon which the relief sought might be based. See Fed. R. Bankr. P. 9013 (the motion shall state both the relief sought and the grounds therefor "with particularity"). The Debtor failed to cite Section 522(f) of the Bankruptcy Code and to establish all elements of Section 522(f). Thus, the Debtor's motion to avoid lien is denied without prejudice to refiling in the Debtor's main case in accordance with Bankruptcy Rules 4003(d), 9013, 9014 and pursuant to Section 522(f) of the Bankruptcy Code.[3]

**IT IS THEREFORE ORDERED** that the Debtor's Motion to Dismiss is granted, the

---

[3] The Court makes no determination with respect to the existence, validity or extent of Hayes' alleged Attorney Lien. "Ordinarily, liens and other secured interests survive bankruptcy" unless they are avoided under the Bankruptcy Code. Farrey v. Sanderfoot, 500 U.S. 291, 297 (1991); see also David Dorsey Distrib. Inc. v. Sanders (In re Sanders), 39 F.3d 258, 260 (10th Cir. 1994). A bankruptcy discharge only extinguishes the personal liability of the debtor. See 11 U.S.C. §524(a)(1).

Motion to Avoid Lien is denied without prejudice to refiling in the Debtor's main case, and the above-referenced adversary proceeding is dismissed.

**SO ORDERED** this 3rd day of August, 2006.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE